IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN W. MARKHAM, | ) | Case No. 4:24-cv-00027-SMR-HCA |
| | ) | |
| Plaintiff, | ) | |
| | ) | INITIAL REVIEW ORDER |
| v. | ) | |
| | ) | |
| LLOYD S. AUSTIN III, Secretary of the | ) | |
| United States Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff John W. Markham filed a letter with the Court stating that he wishes to appeal a decision by the United States Merit Service Protection Board ("MSPB"). [ECF No. 1]. He also seeks leave to proceed *in forma pauperis* and asks that the Court appoint him counsel. [ECF Nos. 2, 3]. The Court ordered Plaintiff to amend his Complaint, which he has done. [ECF Nos. 4, 6].

A district court may allow a party to begin a civil action "without prepayment of fees or security" if the party submits an affidavit that shows he or she cannot "pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Nevertheless, the Court "shall dismiss the case at any time" if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *Pro se* filings are "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a litigant's *pro se* status does not exempt them from the Federal Rules of Civil Procedure. *See Ellis v. City of Minneapolis*, 518 Fed. App'x 502, 504 (8th Cir. 2013) ("*Pro se* litigants must still allege sufficient facts to state a plausible claim for relief.").

The Amended Complaint brings claims for wrongful termination, theft, contract fraud, religious discrimination, and defamation. Plaintiff states that he is a cardiac perfusionist who worked under a contract with the Department of the Army. [ECF No. 6 at 1–2]. He avers his contract was "guaranteed for 15 years" but was terminated in its third year. *Id*. at 2. According to the Amended Complaint, this occurred in November 2009. *Id*.

Plaintiff claims that he had over $27,000 stolen from his bank account. *Id*. at 3. He acknowledges that the statute of limitations has expired for criminal prosecution of the culprit but he wishes to "seek[] a remedy in civil court." *Id*. Plaintiff believes this theft was "related" to his contract matters with Defendants but does not explain any further.

Plaintiff also brings a claim for contract fraud. He asserts that he previously requested a copy of his contract with Defendant but only received an "amended contract." *Id*. Plaintiff maintains that he never agreed to an amended contract, thus the document he obtained is evidence of contract fraud. *Id*. The Amended Complaint identifies a contracting officer who can allegedly substantiate his claims. No other information regarding the nature of the contract fraud, or Defendant's involvement with the fraud, are pled.

The Amended Complaint pleads a claim for defamation. The alleged defamatory statement was made by a specified doctor who Plaintiff claims "wrongfully terminated my contract, but also defamed me by stating that I had breached this contract by quitting." *Id*. at 3–4. Plaintiff asserts that this termination had the effect of ending his career. He contends that the official who drafted his dismissal letter can "attest that I did nothing illegal, unethical, incompetent, or insubordinate to warrant the loss of my contract." *Id*. at 4. At the conclusion of the Amended Complaint, Plaintiff concedes that "the statute of limitations is a concern" but avers that the severity of the alleged misconduct warrants the consideration of his claims. *Id*. at 5.

As Plaintiff acknowledges in the Amended Complaint, the facts giving rise to these allegations occurred well over ten years ago. That alone warrants dismissal. Furthermore, the factual pleadings are insufficient to proceed. To state a claim upon which relief can be granted, Plaintiff must advance "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Plaintiff's allegations are conclusory and threadbare. They also do not concern the conduct of Defendant. The Complaint fails to state a claim upon which relief can be granted. Accordingly, this case is DISMISSED. The motion for leave to proceed *in forma pauperis* is MOOT. [ECF No. 2]. Plaintiff's Motion to Appoint Counsel is DENIED. [ECF No. 3].

    IT IS SO ORDERED.

    Dated this 20th day of August, 2024.

                                                                 STEPHANIE M. ROSE, CHIEF JUDGE
                                                                  UNITED STATES DISTRICT COURT